UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA J. JACKSON | : |
| | : CIVIL ACTION |
| v. | : |
| | : DOCKET NO.: 02-CV-4027 |
| DREAM HOME REMODELING, INC. | : |
| d/b/a American Dream Remodeling, | : |
| MILLENNIUM CAPITAL CORPORATION, | : |
| HEATHER FRANCAVAGE, | : |
| CHELSEA SETTLEMENT SERVICES, INC., | : |
| JOSEPH SCHLAMOWITZ a/k/a | : |
| JOSEPH BURGER, | : |
| A.J. LEEMAN, a/k/a | : |
| ALFRED GEORGE LEEMAN, IV, | : |
| WOODIE ZIMMERMAN, | : |
| NATIONAL BANK OF DELAWARE | : |
| | : |
| Defendants | : |
| | : |
| v. | : |
| | : |
| DREAM HOME REMODELING, INC. | : |
| d/b/a American Dream Remodeling, | : |
| MILLENNIUM CAPITAL CORPORATION, | : |
| HEATHER FRANCAVAGE, | : |
| JOSEPH SCHLAMOWITZ a/k/a | : |
| JOSEPH BURGER, | : |
| A.J. LEEMAN, a/k/a | : |
| ALFRED GEORGE LEEMAN, IV, | : |
| WOODIE ZIMMERMAN, | : |
| NATIONAL BANK OF DELAWARE | : |
| | : THE HONORABLE CYNTHIA M. RUFE |
| | : |
| Cross-Defendants | : |
| | : |

**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING
<u>MOTION TO EXTEND DISCOVERY DEADLINE</u>**

1.     The plaintiff, Gloria Jackson initiated this action against all defendants with

claims of fraud, negligence, breach of fiduciary duty and violations of the Truth in Lending Act.

2. Defendants, Millennium Capital Corporation, Heather Francavage, individually, Joseph Burger a/k/a Schlamowitz, individually, Chelsea Settlement Services and First Union Bank of Delaware have all answered plaintiff's Complaint and are represented by counsel. The remaining defendants: Woodie Zimmerman, A.J. Leeman, Dream Home Remodeling, Inc. have not answered plaintiff's Complaint nor are represented by Counsel.

3. All represented parties met with the Honorable Cynthia M. Rufe on April 11, 2003 where the Court ordered that all discovery shall be completed on or before July 15, 2003. The Court also ordered that the case be referred to Magistrate Judge Carol Moore Wells for a Settlement Conference on June 16, 2003. The Settlement Conference has been postponed by the Court and the parties are awaiting a new date.

4. Immediately after the meeting with Judge Rufe, Plaintiff propounded interrogatories and requests for production of documents to all parties on April 29, 2003. Plaintiff also noticed the depositions of the representatives of American Dream Home remodeling, Millennium Capital Corporation, First Union National Bank of Delaware and Chelsea Settlement Services, Heather Francavage, Antoinette Sweigert of Chelsea Settlement Services, A.J. Leeman, Joseph Schlamowitz a/k/a Berger, and Woodie Zimmerman on April 29, 2003 to take place as early as May 15, 2003.

5. Defendants cancelled all of the depositions.

6. The plaintiff spent approximately three weeks rescheduling all of the depositions for the last week of June. (This time was spent coordinating all counsel's schedules to ensure that the depositions could proceed with no further cancellations).

7. In June, Defense counsel submitted settlement offers and indicated a willingness

to negotiate the proposed settlement's terms but, with the caveat that defendants' settlement offers would be withdrawn if defendants incurred the expense of discovery.

8.  It took plaintiff's counsel several weeks to contact and discuss the various settlement offers of defendants with the Plaintiff because Plaintiff is a very ill elderly lady who was recently hospitalized for a mastectomy operation for a reoccurrence of breast cancer. The plaintiff is recovering and is now in a position to understand and discuss the offers.

9.  While plaintiff's counsel does not believe that the defendants' settlement offers made are realistically going to settle the case because they are insufficient in plaintiff's counsel's opinion, plaintiff's counsel also recognizes the value of negotiations towards attempted resolution.

10. Therefore, at the request of defense counsel and based on defense counsel's representation to seriously negotiate regarding potential settlement, all parties requested that the Court extend discovery to explore settlement negotiations.

11. Also Plaintiff has filed a separate, yet related state law claim against *inter alia,* Legacy Bank and National Penn Bank, (the bank that cashed the check of the plaintiff without proper endorsement) for negligence and for conversion of funds related to the loan transaction that is the subject of the litigation before this Court. All counsel have agreed to joinder of this new claim with the instant cause of action and a stipulation is currently being circulated for submission to the Court for approval. The inclusion of this newly named defendant may also further the settlement negotiation process.

12. As a result of the foregoing posture of the case, all counsel have respectfully executed a Stipulation to extend the discovery deadline of July 15, 2003 to September 15, 2003.

(See Stipulation attached hereto as Exhibit A).

13. This stipulation was presented to the Court on July 17, 2003 with a Joint Motion to Extend discovery deadlines.

14. The Court denied the request for extension of deadlines on July 18, 2003.

15. Plaintiff by and through this motion respectfully requests that this Honorable Court reconsider this decision.

16. Plaintiff's counsel attempted in good faith to complete discovery within the original court ordered deadline.

17. Plaintiff's counsel respectfully requests that the Court consider that plaintiff's counsel was placed in a difficult situation. If plaintiff's counsel proceeded with discovery defendants' settlement offers and willingness to discuss settlement were threatened to be withdrawn and plaintiff's counsel could not effectively communicate defendants' offers to the plaintiff due to her illness. At the same time there were Court ordered deadlines. In light of the situation a joint request to extend the discovery deadline seemed to be the most prudent cause of action.

18. In the event the Court denies this motion for reconsideration, then plaintiff's counsel respectfully requests, in the alternative, that for any defendant with whom plaintiff has not settled by the date of the Court's Order that that defendant or those defendants be compelled to answer the previously served discovery and produce the representatives noticed in previous Notices of Depositions by August 30, 2003.

19. This would not interfere with This Honorable Court's previously entered trial date of November 18, 2003.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to reconsider its decision of July 18, 2003 denying the Motion for the extension of Discovery deadlines or in the alternative to Order any non-settled defendants to produce responses to Plaintiff's outstanding discovery, and to produce representatives for depositions as previously noticed, by August 30, 2003.

                                            Respectfully Submitted,
                                            FELDMAN & PINTO


By: _____
                Rosemary Pinto, Esquire
                1604 Locust Street, 2R
                Philadelphia, PA  19103
                (215) 546-2604

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA J. JACKSON | : |
| | : CIVIL ACTION |
| v. | : |
| | : DOCKET NO.: 02-CV-4027 |
| DREAM HOME REMODELING, INC. | : |
| d/b/a American Dream Remodeling, | : |
| MILLENNIUM CAPITAL CORPORATION, | : |
| HEATHER FRANCAVAGE, | : |
| CHELSEA SETTLEMENT SERVICES, INC., | : |
| JOSEPH SCHLAMOWITZ a/k/a | : |
| JOSEPH BURGER, | : |
| A.J. LEEMAN, a/k/a | : |
| ALFRED GEORGE LEEMAN, IV, | : |
| WOODIE ZIMMERMAN, | : |
| NATIONAL BANK OF DELAWARE | : |
| | : |
| Defendants | : |
| | : |
| v. | : |
| | : |
| DREAM HOME REMODELING, INC. | : |
| d/b/a American Dream Remodeling, | : |
| MILLENNIUM CAPITAL CORPORATION, | : |
| HEATHER FRANCAVAGE, | : |
| JOSEPH SCHLAMOWITZ a/k/a | : |
| JOSEPH BURGER, | : |
| A.J. LEEMAN, a/k/a | : |
| ALFRED GEORGE LEEMAN, IV, | : |
| WOODIE ZIMMERMAN, | : |
| NATIONAL BANK OF DELAWARE | : |
| | : THE HONORABLE CYNTHIA M. RUFE |
| | : |
| Cross-Defendants | : |
| | : |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED that all

defendants who have not settled with the plaintiff as of the date of this Order shall respond to

G:\Docs\PA\Jackson, Gloria\Pleadings\030725P-Motion2Reconsider.dls.wpd

outstanding discovery and produce previously noticed representatives for deposition by August 30, 2003.

BY THE COURT:

_____
The Honorable Cynthia M. Rufe, J.

CERTIFICATION OF SERVICE

I hereby certify that I caused the below-described documents to be mailed via United States Mail to the person listed below on the date below.

DATE:        July 30, 2003

DOCUMENT:    **MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE**

PERSON(s):

**SCOTT PAINTER, ESQUIRE**
Law Offices of Scott Painter
906 Penn Avenue
P.O. Box 6269
Wyomissing, PA 19610
Counsel for <u>MILLENNIUM CAPITAL CORPORATION</u> and <u>HEATHER FRANCAVAGE</u>

**PETER RUSSO, ESQUIRE**
Law Offices of Peter J. Russo
3800 Market Street
Camp Hill, PA 17011
Counsel for <u>CHELSEA SETTLEMENT SERVICES, INC.</u>

**BARBARA MAGERS, ESQUIRE**
DERESPINO & DOUGHER, P.C.
1818 Market Street, Suite 3120
Philadelphia, PA 19103
Counsel for <u>FIRST UNION NATIONAL BANK OF DELAWARE</u>

**DREAM HOME REMODELING, INC. d/b/a AMERICAN DREAM REMODELING**
420 Park Road, Suite 210
Reading, PA   19610-2900
        and
12 Hull Street
Sinking Springs, PA 19608

**JOSEPH SCHLAMOWITZ a/k/a**
**JOSEPH BURGER**
2320 Penn Avenue
West Lawn, PA 19609-1675

**A.J. LEEMAN, A/K/A**
**ALFRED GEORGE LEEMAN, IV**
420 Park Road, Suite 210
Reading, PA 19610-2900

**WOODIE ZIMMERMANN**
12 S. Hull Street
Sinking Springs, PA 19608

                                          FELDMAN & PINTO

                                    BY:_____
                                          Rosemary Pinto, Esquire
                                          1604 Locust Street, 2R
                                          Philadelphia, PA  19103
                                          (215) 546-2604

G:\Docs\PA\Jackson, Gloria\Pleadings\030725P-Motion2Reconsider.dls.wpd